UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CV-00333-FDW-DCK

| WINSTON HAMILTON, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) **ORDER** |
| DUKE ENERGY CORPORATION, *et al.*, | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint, (Doc. No. 8), and Plaintiff's *pro se* Motion for Leave to Amend Original Complaint, (Doc. No. 13). Having carefully considered the motion and the record, the Court **GRANTS** Plaintiff's Motion for Leave to Amend and **DIRECTS** Plaintiff to file an Amended Complaint **within fourteen (14) days of entry of this Order.** Accordingly, the Court **DENIES AS MOOT** Defendants' Motion to Dismiss Plaintiff's Complaint.

Rule 15 of the Federal Rules of Civil Procedure applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1). Rule 15 further provides:

> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

FED. R. CIV. P. 15(a)(2).

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corporation v.

1

Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (citing HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001); see also Foman v. Davis, 371 U.S. 178, 182 (1962); Equal Rights Center v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182). The Fourth Circuit's policy is to "liberally allow amendment." Adbul-Mumit v. Alexandria Hyundai, LLC, 896 F.3d 278, 293 (4th Cir. 2018) (quoting Galustian v. Peter, 591 F.3d 724, 729 (4th Cir. 2010)).

"When considering a motion to dismiss involving *pro se* parties, the court construes the pleadings liberally to ensure that valid claims do not fail merely for lack of legal specificity." Brown v. Charlotte Rentals LLC, No. 3:15-cv-0043-FDW-DCK, 2015 WL 4557368, at *2 (W.D.N.C. July 28, 2015) (citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978)). At the same time, however, the Court should not "assume the role of advocate for the *pro se* plaintiff." Gordon, 574 F.2d at 1151 (quotation omitted).

In light of these principles, Plaintiff's Motion for Leave to Amend is **GRANTED**. The court is not persuaded that there is sufficient evidence of prejudice, bad faith, or futility, to outweigh the Fourth Circuit's policy favoring granting leave to amend, especially in light of Plaintiff's *pro se* status. However, at this stage, the Court does not address the merits of Plaintiff's claims or Defendants' Motion to Dismiss.

It is well settled that an amended pleading supersedes the original pleading and that motions directed at superseded pleadings are to be denied as moot. Goodman v. Diggs, 986 F.3d 493, 498 (4th Cir. 2021) (citing Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) (amended pleading renders original pleading of no effect); Turner v. Knight, 192 F. Supp. 2d 391, 397 (D. Md. 2002) (denying as moot motion to dismiss original complaint on grounds that

amended complaint superseded original complaint). Therefore, Defendants' Motion to Dismiss is **DENIED AS MOOT** without prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Amend Original Complaint, (Doc. No. 13), is **GRANTED**, and Plaintiff is **DIRECTED** to file an Amended Complaint **within fourteen (14) days of entry of this order**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss Plaintiff's Complaint, (Doc. No. 8), is **DENIED AS MOOT** without prejudice, to allow Defendants the opportunity to file an additional motion to dismiss the new Amended Complaint, if appropriate.

**IT IS SO ORDERED.**

Signed: August 10, 2023

_____
Frank D. Whitney
United States District Judge